## No. 897.

SUCCESSION OF ADÉLAÏDE BREAUX. OPPOSITION OF JOSEPH DUPUIS, ADMINISTRATOR.

The question whether a legacy of money under a particular title bears interest from the date of the probate of the will, or from the demand of the legatee, or filing of a tableau admitting the legacy, is answered by article 1626 of the Revised Code, which means what it says. The court *a qua* erred in allowing interest on the legacy from the probate of the will in 1857. It should run only from the filing of the tableau on the sixth of September, 1872.

APPEAL from the Parish Court, parish of Lafayette. *Moss,* J. *E. E. Mouton,* for administrator and appellant. *M. E. Girard,* for opponent and appellee.

WYLY, J. In this case the question is: Does a legacy of money under a particular title bear interest from the day of the probate of the will, or from demand by the legatee, or the filing of a tableau admitting the legacy? This question is answered by article 1626 of the Revised Code, which means what it says. The legacy vests in the legatee from the day of the testator's death; "nevertheless, the particular legatee can take possession of the thing bequeathed, or claim the proceeds or interest thereof, *only from the day the demand of delivery was formed,* according to the order hereinbefore established, or from the day on which that delivery was voluntarily granted to him." See, also, succession of Johnson, 24 An. 125.

If Carmouche, the executor of the will, neglected his duties as tutor of the legatee by particular title, he may have rendered himself liable for dereliction of duty to that legatee; but that consideration has no bearing on the question of law now presented for decision. The court therefore erred in allowing interest on this legacy from the probate of the will in 1857; it should run only from the filing of the tableau on sixth September, 1872.

The motion of appellee to dismiss the appeal for diminution of the record is disallowed, as it is not shown that the documents alleged to be wanting were offered in evidence; besides, for the trial of this question of law, which appellee says is the only question in the case, said documents are unnecessary.

It is therefore ordered that the judgment appealed from be amended by allowing interest at five per cent from sixth September, 1872, instead of from fourteenth of November, 1857, and as amended it be affirmed, appellee paying costs of appeal.